**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **RUBEN TYRAN ARRINGTON** | § | |
| **Travis Co. No. 2118834** | § | |
| | § | |
| **V.** | § | **A-21-CV-1180-RP** |
| | § | |
| **MAJOR PENA** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Ruben Tyran Arrington's complaint. Arrington, proceeding *pro se*, has been granted leave to proceed *in forma pauperis*.

**I. STATEMENT OF THE CASE**

At the time he filed his complaint, Arrington was confined in the Travis County Correctional Complex. He alleges he first came to the Travis County Correctional Complex in 2016 and later in 2017. Court records for the Travis County District Court reflect Arrington was convicted of two state offenses and sentenced to seven years on November 15, 2017, in Cause Nos. D-1-DC-16-206460 and D-1-DC-17-204502. The court probated Arrington's sentence and placed him on community supervision for ten years. Motions to revoke his probation were filed but he was continued on

probation on December 3, 2018 and June 25, 2020. The State filed a motion to revoke Arrington's community supervision on September 7, 2021, and Arrington is confined pending his revocation proceedings.

Arrington alleges he is treated differently in the Travis County Correctional Complex because he is not a gay man. He believes his life is being taken by people who have been watching him. He claims they refuse to stop discriminating against him and passing their bodily fluids to him.

Arrington sues Major Pena. He requests an unspecified amount of compensation and seeks to have criminal charges pressed against "them." He additionally requests to have his probation and criminal record vacated.

## II. DISCUSSION

### A.     Legal Standard

According to 28 U.S.C. § 1915A(b)(1), the court is required to screen any civil complaint in which a prisoner seeks relief against a government entity, officer, or employee and dismiss the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted. *See also* 28 U.S.C. § 1915(e)(2)(B) (directing court to dismiss case filed *in forma pauperis* at any time if it is determined that action is (i) frivolous or malicious, or (ii) fails to state claim on which relief may be granted).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted).

A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327–28). In evaluating whether a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), the court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555–56.

1.      Personal Involvement

Arrington fails to allege Major Pena was personally involved in any of his alleged constitutional violations. This failure is fatal to his claims. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *see also Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (observing "[p]ersonal involvement is an essential element of a civil rights cause of action"). "Supervisory officials are not liable under § 1983 for the actions of subordinates on any theory of vicarious liability;" they must have been "personally involved in the alleged constitutional deprivation or have engaged in wrongful conduct that is causally connected to the constitutional violation." *Turner v. Lt. Driver*, 848 F.3d 678, 695–96 (5th Cir. 2017).

2.      Municipal Liability

To the extent Arrington sues Major Pena in his official capacity his claims are construed as if they were brought against Travis County. However, Arrington fails to identify a policy, practice or custom of Travis County that caused a deprivation of his constitutional rights.

A political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. *Id*; *Collins v. City of Harker Heights, Tex.*, 916 F.2d 284, 286 (5th Cir. 1990), *aff'd*, 503 U.S. 115 (1992). Thus, Travis County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage. *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984), *cert. denied*, 472 U.S. 1016 (1985). A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy." *Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986).

3.      Criminal Charges

Arrington wishes to have criminal charges pressed against unidentified individuals. However, Arrington does not have a constitutional right to have someone criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56 (5th Cir. 1990).

4.      Habeas Claims

To the extent Arrington seeks his immediate release or the dismissal of his convictions, he must seek such relief in a petition for writ of habeas corpus after he exhausts his state court remedies. The exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). Arrington makes no allegations suggesting he has exhausted his state court remedies.

## III. CONCLUSION

Arrington's complaint against Major Pena is frivolous. To the extent he challenges his criminal convictions he must seek relief in a petition for writ of habeas corpus after he exhausts his state court remedies.

## IV. RECOMMENDATION

It is therefore recommended that Arrington's complaint be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e). To the extent Arrington challenges his criminal convictions his claims should be **DISMISSED WITHOUT PREJUDICE** to filing a petition for writ of habeas corpus after he exhausts his state court remedies.

It is further recommended that Arrington be warned, if he files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

In the event this report and recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

### V. OBJECTIONS

Within 14 days after receipt of the report and recommendation, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).  Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on January 6, 2022.

_____

MARK  LANE
UNITED STATES MAGISTRATE JUDGE

6